IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

       Plaintiff,                        No. CIV S-12-0759 GGH P

     vs.

VINCENT, et al.,

       Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The present action consists of a 40 page complaint followed by 210 pages of exhibits. Plaintiff presents almost a day by day account of his troubles trying to litigate other cases and alleges many violations of his right to access the courts. While plaintiff may have had difficulties in litigating his cases, that does not necessarily equal a constitutional violation. Trying to understand plaintiff's claims is all the more difficult due to the numerous examples he provides that do not reflect viable claims. As will be described below, plaintiff must illustrate an actual injury in his efforts in pursuing a non-frivolous case. For example, plaintiff describes many troubles in filing a pretrial statement in another case, 05-0164 JAM EFB. Plaintiff was placed in Ad. Seg. and unable to timely file his pretrial statement. While it was originally recommended in that case that plaintiff's action be dismissed for failure to prosecute, those recommendations were vacated when plaintiff described his situation and plaintiff was allowed to file a late pretrial statement. That case is proceeding to trial, so plaintiff has failed to show an actual injury.

Plaintiff also states that while in Ad. Seg. he is only allowed one cubic foot of legal materials, but this is not enough. Plaintiff also describes difficulties with the law library in obtaining materials, cite checking and limiting the number of copies he is allowed, however, plaintiff must describe the specific instances where he suffered an actual injury in his ability to pursue a non-frivolous claim, not his general troubles.

\\\\\

The complaint will be dismissed with leave to file an amended complaint within 28 days. Failure to file an amended complaint will result in a recommendation that the action be dismissed. The amended complaint is **not to exceed 20 pages in length including exhibits**. The court is unable to search plaintiff's dozens of examples and identify potentially meritorious claims for plaintiff.

Rule 8 of the Federal Rules of Civil Procedure requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

Prisoners have a constitutional right to be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This right applies to prisoners' challenges to their convictions or sentences or conditions of confinement. Id. at 354. Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them." Id. at 350. To establish a claim for any violation of the right of access to the courts, prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous claim concerning their conviction or conditions of confinement has been hindered. Id. at 350-55.

\\\\\

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

1  vague and conclusory allegations of official participation in civil rights violations are not
2  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11        In accordance with the above, IT IS HEREBY ORDERED that:
12        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
15 § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith.
18        3.  The complaint is dismissed for the reasons discussed above, with leave to file
19 an amended complaint, **not to exceed 20 pages in length including exhibits**, within twenty-
20 eight days from the date of service of this order.  Failure to file an amended complaint will result
21 in a recommendation that the action be dismissed.
22 DATED: April 12, 2012

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH: AB
will0759.b