IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

       Plaintiff,                 No. 2:12-cv-0759 KJM GGH P

       vs.

VINCENT, et al.,

       Defendants.        ORDER

                                 /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed and plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6          A complaint must contain more than a "formulaic recitation of the elements of a

7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9  "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged."  Id.

17          In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21  1843 (1969).

22          Plaintiff alleges that defendants interfered with his access to the courts.  Petitioner

23  prepared a writ of habeas corpus petition that was 220 pages with another 260 pages of exhibits.

24  Prison officials refused to copy more than 100 pages without a court order.  Plaintiff received a

25  court order that prison officials had to copy the 220 pages of the petition but not the 260 pages of

26  exhibits.  The prison officials apparently complied, but plaintiff was forced to send his only copy

1   of the exhibits.  The habeas petition was denied and plaintiff's only copy of the exhibits were

2   returned.  Plaintiff then filed a petition with the California Supreme Court, along with his only

3   copy of the exhibits.  The California Supreme Court denied the petition but did not return the

4   exhibits, instead sending them back to the Court of Appeal.  The Court of Appeal stated that the

5   exhibits were sent to plaintiff, but plaintiff provides a record of his incoming mail and it seems

6   the exhibits were never received by the prison.  As a result, plaintiff states he was unable to

7   appeal to the United States Supreme Court or file a habeas in the district court.  Plaintiff

8   contends that prison officials not copying his 260 pages of exhibits denied him access to the

9   courts.  While the lack-of-exhibits connection to defendants is tenuous at best considering that

10  the state courts reviewed his claims, albeit those courts also allegedly lost his exhibits, plaintiff

11  also fails to describe how he was unable to further pursue relief as he retained his 220 page

12  petition, and why he did not seek further relief without the exhibits (perhaps then having those

13  courts seek to ascertain the whereabouts of the exhibits or attempt to reconstruct them).[1]  Plaintiff

14  states the exhibits contained newly discovered evidence and prior court cases but provides no

15  other information.  This is insufficient to state a claim, as injury pertinent to an inability to file in

16  other courts is not apparent from the facts.  The amended complaint will be dismissed and

17  plaintiff will be granted one final opportunity to file a second amended complaint within 28 days.

18  Failure to file a second amended complaint will result in a recommendation that this action be

19  dismissed.  No further amendments will be allowed.  While plaintiff failed to follow the court's

20  direction with the amended complaint, the second amended complaint is **not to exceed 40 pages**

21  **in length including exhibits**.

22          Prisoners have a constitutional right to be afforded "a reasonably adequate

23  opportunity to present claimed violations of fundamental constitutional rights to the courts."

24  _____

25      [1] Plaintiff cannot simply assume the courts in which plaintiff contemplated filing would
    automatically dismiss his case because he did not attach voluminous exhibits.  Rather he needed
    to file and get that actual response before he was denied access to the courts in order to claim
26  injury from a lack of exhibits.

1   Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  This right applies to prisoners'

2   challenges to their convictions or sentences or conditions of confinement.  Id. at 354.  Prison

3   officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file

4   them."  Id. at 350.  To establish a claim for any violation of the right of access to the courts,

5   prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous

6   claim concerning their conviction or conditions of confinement has been hindered.  Id. at 350-55.

7                  The Civil Rights Act under which this action was filed provides as

8   follows:

9              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
10             deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
11             law, suit in equity, or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19                  Moreover, supervisory personnel are generally not liable under § 1983 for the

20   actions of their employees under a theory of respondeat superior and, therefore, when a named

21   defendant holds a supervisorial position, the causal link between him and the claimed

22   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

24   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26   Cir. 1982).

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

7    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

8    vague and conclusory allegations of official participation in civil rights violations are not

9    sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12    amended complaint be complete in itself without reference to any prior pleading.  This is

13    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16    original complaint, each claim and the involvement of each defendant must be sufficiently

17    alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that the amended

19    complaint is dismissed for the reasons discussed above, with leave to file a second amended

20    complaint, **not to exceed 40 pages in length including exhibits**, within twenty-eight days from

21    the date of service of this order.  No further amendments will be allowed.  Failure to file a second

22    amended complaint will result in a recommendation that the action be dismissed.

23    DATED: June 5, 2012

24                                             /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

25

GGH: AB
26    will0759.b2

5